# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS DIAZ-HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>SIX UNKNOWN NAMES AGENTS, et al.,<br><br>Defendants.<br>_____/ | Case No. 1:13-cv-01921-AWI-SKO PC<br><br>ORDER STRIKING COMPLAINT AND REQUIRING PLAINTIFF TO FILE SIGNED COMPLAINT AND EITHER FILE APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN THIRTY DAYS<br><br>(Doc. 1) |

On November 25, 2013, a civil complaint bearing the name of Santos Diaz-Hernandez ("Plaintiff") was received and filed.[1]  The complaint is unsigned and it sets forth no intelligible claims for relief.  The Court cannot consider unsigned filings and therefore, the complaint shall be stricken from the record.  Plaintiff has thirty days to file a signed complaint that complies with Federal Rule of Civil Procedure 8(a).[2]  Plaintiff must also either file a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee in full.

---

[1] The complaint arrived in an envelope with six other complaints, all with different plaintiffs.  The envelope bore the name of Young Yil Jo, who is also at the Etowah County Jail.  Mr. Jo's abusive litigation tactics are well known in this district, and based on Mr. Jo's filing history and the lack of a signature on the complaint, the Court cannot determine whether or not Mr. Diaz-Hernandez authorized the filing of this action.

[2] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief.  *Iqbal*,

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint is stricken from the record for lack of signature;

2. The Clerk's Office shall send Plaintiff a *Bivens* complaint form and an application to proceed in forma pauperis;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a signed complaint and either file a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee for this action; and

4. **The failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated: **November 26, 2013**          **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE

---

556 U.S. at 678, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969.

2